RUDY G. LEEWAYE AND HELEN M. LEEWAYE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Leewaye v. Commissioner
Docket No. 23335-87.
United States Tax Court
T.C. Memo 1988-129; 1988 Tax Ct. Memo LEXIS 157; 55 T.C.M. (CCH) 485; T.C.M. (RIA) 88129; March 28, 1988. Alan R. Herson, for the petitioners. Alice M. Harbutte, for the respondent. PETERSON
MEMORANDUM OPINION PETERSON, Special Trial Judge: This case was assigned to Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7443A(b) of the Code. [1] This case is before the Court on Petitioners' Motion for Award of Litigation Costs filed *158 on November 5, 1987, pursuant to section 7430 and Rule 231(a)(2). [2] The issues for decision are (1) whether respondent's position in the civil proceeding was not substantially justified and, if so, (2) the amount of litigation costs to be awarded. BACKGROUND Sometimes prior to February 9, 1987, respondent requested that petitioners provide certain information with respect to a proposed Federal income tax deficiency for their 1984 tax year. The largest proposed adjustment concerned petitioners' failure to include in income a $ 150,000 payment from the Brunswick Corporation (the "Brunswick payment"), petitioner Rudy G. Leewaye's former employer. On February 9, 1987, petitioners sent an explanation which was received by the Internal Revenue Service Center for the Western Region (Service Center). However, on April 30, 1987, the Service Center sent petitioners a 30-day letter which indicated that petitioners' February 9, 1987, letter had not been received. On May 29, 1987, respondent issued *159 a statutory notice of deficiency for petitioners' 1984 tax year. The deficiency of $ 66,381 was based upon petitioners' failure to include in income the Brunswick payment and an additional $ 249 of interest. Respondent also determined that petitioners were liable for additions to tax under sections 6661(a) and 6653(a). On July 13, 1987, petitioners filed their petition claiming that "Respondent erred in determining a deficiency in income tax for 1984 of $ 66,381" and in determining the additions to tax. However, petitioners did not allege any facts to put in issue the amount of the deficiency that was attributable to their failure to include the $ 249 of interest income. On August 5, 1987, a letter was sent to petitioners from the Service Center indicating that their February 9, 1987, explanation of the Brunswick payment was sufficient and that respondent had changed the proposed adjustments. On August 30, 1987, District Counsel received the administrative file which included the August 5, 1987, letter. However, District Counsel did not review the file before filing an answer. On September 1, 1987, respondent filed his answer and, inter alia, denied "for lack of sufficient *160 information" that petitioners' receipt of the Brunswick payment was not taxable. On September 3, 1987, petitioners wrote to District Counsel advising respondent of the Service Center's change in position with respect to the Brunswick payment. Petitioners also indicated that they were willing to settle the case on the basis of the findings contained in the August 5, 1987, report. Further, petitioners requested that respondent stipulate to pay litigation costs. Respondent decided to settle the case after a review "of the file and facts." Respondent contacted petitioners' counsel by telephone and conceded that the Brunswick payment was not taxable. On September 14, 1987, respondent wrote to petitioners and agreed to settle the case on the basis of the August 5, 1987, report. However, respondent did not agree to pay petitioners' litigation costs. On November 5, 1987, the parties filed a Stipulation of Settlement which indicated that the Brunswick payment was not taxable as compensation, that petitioners failed to report additional interest in the amount of $ 249, that an addition to tax pursuant to section 6653(a)(1) was appropriate and that there would be no addition to tax *161 under section 6661(a). DISCUSSION Pursuant to section 7430(a) a prevailing party in civil tax proceedings may be awarded a judgment for reasonable litigation costs. Respondent does not disagree that petitioners are the "prevailing party" and are entitled to certain costs, provided we find that respondent's position in the civil proceeding was not substantially justified under section 7430(c)(2)(A)(i). First, petitioners claim that the statutory notice of deficiency should not have been issued because respondent already had all the information that was necessary to resolve the case. Second, petitioners contend that respondent was not justified to ignore the August 5, 1987, letter when drafting his answer. Petitioner's first argument questions the propriety of respondent's behavior prior to the time the petition was filed. However, section 7430(c)(4)(B) states that the relevant position of respondent includes "any administrative action or inaction by the District Counsel of the Internal Revenue Service * * *." Accordingly, our focus on respondent's pre-petition administrative action is limited to that taken by District Counsel. . *162 Here, there is no evidence of involvement by District Counsel before the petition was filed; therefore, petitioners must show that respondent acted unreasonably after the petition was filed. We agree with respondent that the standard for determining whether his post-petition activity was unreasonable is to be based upon all facts and circumstances surrounding the civil proceeding. , vacated and remanded on another issue . After a review of all of the facts in this case we conclude that the position taken by respondent in his answer was not substantially justified. The petition in this case alleged facts which, if true, would have resolved this case in petitioners' favor. [3] District Counsel did not examine the administrative file which contained the August 5, 1987, letter wherein the Service Center accepted petitioners' explanation why the Brunswick payment was not taxable income. Instead, District Counsel chose to file an answer which denied the pertinent allegations "for lack of sufficient information." Further, we find no evidence indicating that respondent did anything more *163 than examine the administrative file prior to agreeing to concede the case. Our rules require that the parties take their pleadings more seriously than did respondent. Rule 36(b) requires that the answer shall contain a specific admission or denial of each material allegation in the petition, except where respondent is without knowledge or information sufficient to form a belief as to the truth of an allegation. We acknowledge that in many instances District Counsel does not receive the administrative file prior to the time that an answer is due to be filed. We also realize that District Counsel may need time to verify that the allegations in the petition are true. In those circumstances it would not be unreasonable for respondent to enter a general denial of the allegations made in a petition. However, in this case District Counsel admittedly had possession of *164 the administrative file several days before the answer was filed and did not examine the pertinent document in the file until after the answer was filed. Further, respondent does not claim that additional information was needed before the case could be settled. Respondent cites , and , and claims that respondent may refuse to concede a case until he is satisfied that petitioners' claims are accurate and the delays as long as two months may be reasonable. We agree with respondent that the delays were reasonable in those instances. However, in this case respondent has failed to show that it was reasonable to draft the answer without reviewing the administrative file that he had in his possession. Respondent's failure to review petitioners' administrative file in a reasonable and timely manner caused petitioners to incur more attorneys' fees than should have been necessary. Therefore, petitioners are entitled to an award for litigation costs which were unnecessarily incurred. Petitioners claim that they are entitled to an award for all of the costs they have incurred in *165 this litigation. However, petitioners' award is limited to those costs that were unnecessarily incurred. . Respondent concedes that petitioners are entitled to attorneys' fees for the 6 hours their attorney spent preparing the Stipulation of Settlement and Motion. In addition to the costs that respondent had conceded, we believe that petitioners are entitled to receive an award of costs for the .4 hours that their attorney spent reviewing the answer and drafting the letter in response to the answer. Accordingly, petitioners will be awarded total costs of $ 480 (6.4 hours x $ 75 per hour). An appropriate order will be entered.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1986, as amended, unless otherwise indicated. ↩
2. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
3. Pursuant to Rule 34(b)(4), petitioners had conceded the interest income issue by failing to include in their petition the required assignment of error with respect to this amount. Accordingly, the only issues in dispute were the tax treatment of the Brunswick payment and the corresponding additions to tax. ↩